# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSEPH PICKLE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN ROLANDA CALLAWAY, ) <br> et al., ) <br> ) <br> Respondents. | Case No. 2:24-cv-01457-MHH-HNJ |

## **MEMORANDUM OPINION AND ORDER**

On April 28, 2025, the Magistrate Judge entered a report in which he recommended that the Court deny petitioner Daniel Joseph Pickle's habeas petition and dismiss his claims without prejudice to allow Mr. Pickle to exhaust his constitutional claims in state court. (Doc. 15). The Magistrate Judge advised Mr. Pickle of his right to file objections to the report. (Doc. 15, pp. 18-19). Rather than file objections, Mr. Pickle filed a motion to amend jail credit; the motion concerns the relief Mr. Pickle seeks in his habeas petition. (Doc. 16).

Having reviewed the materials in the electronic docket in this case, the Court agrees that Mr. Pickle's petition is premature because he has not exhausted his constitutional challenges to his jail credits in state court. Therefore, by separate order, the Court will dismiss Mr. Pickle's habeas petition for failure to exhaust his state-court remedies. If Mr. Pickle does not obtain relief through the state-court

appeals process the Magistrate Judge explained in his report, (Doc. 15, pp. 13-16), Mr. Pickle may re-file his federal habeas petition.[1]

Mr. Pickle may not avoid his obligation to exhaust his constitutional challenges with his motion to amend jail credit. (Doc. 16). Therefore, the Court denies that motion. The Clerk of Court shall please TERM Docs. 15 and 16.

**DONE** and **ORDERED** this May 29, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] As the Magistrate Judge stated: "Under Alabama law, to initiate a challenge to the State's calculation of the time a prisoner must serve, a state prisoner must file a petition for writ of habeas corpus in the state circuit court in the county of the prisoner's incarceration. *See Ex parte Collier*, 64 So.3d 1045, 1046-49 (Ala. 2010)." (Doc. 15, p. 14).